[975 NYS2d 48]

In the Matter of EMANI P. TAYLOR (Admitted as EMANI PAMELA TAYLOR), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 21, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Paul L. Friman* of counsel), for petitioner.

*Emani P. Taylor*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Emani P. Taylor was admitted to the practice of law in the State of New York by the Fourth Judicial Department on July 17, 1997, under the name Emani Pamela Taylor. At most times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

This disciplinary proceeding arises out of respondent's conduct as the former interim successor guardian in a guardianship proceeding involving John L. Phillips, a former Brooklyn civil court judge, now deceased. By order entered December 27, 2007 (48 AD3d 138 [1st Dept 2007]), this Court immediately suspended respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iii) based on her failure to cooperate with the Committee's investigation and her failure to meaningfully controvert evidence of professional misconduct in that proceeding by at best, withdrawing funds from the guardianship account as legal fees without court permission, or, at worst, intentionally converting guardianship funds.

In August 2008, the Committee moved for respondent's immediate disbarment, pursuant to 22 NYCRR 603.4 (g), on the grounds that she had neither appeared nor applied to the Committee or this Court for a hearing or reinstatement for six months from the date of the suspension order. In January 2009, this Court issued an order denying the Committee's disbarment motion and referred the matter to the Committee for further proceedings.

In May 2011, the Committee, pursuant to the doctrine of collateral estoppel, sought to find respondent guilty of professional misconduct based upon findings made by Justice Michael Ambrosio in Supreme Court, Kings County, including that respondent's misconduct in paying herself counsel fees from guardianship funds was so egregious that she had to be surcharged for misappropriating those funds (*Matter of Phillips*, 20 Misc 3d 1111[A], 2008 NY Slip Op 51316[U] [2008], *affd* 72 AD3d 828

[2d Dept 2010]). Particularly, following a framed-issue hearing, Justice Ambrosio imposed the following surcharges: $197,416.08 for legal fees which respondent improperly withdrew from guardianship accounts without court authorization; $52,500 for fees respondent improperly took as a brokers commission in connection with the sale of estate property by court auction; $120,215.37 for dissipating guardianship funds by using said funds to renovate property not owned by Phillips' estate; $3,832.78 for using guardianship funds to pay her mortgage; and $29,184.63 for the unaccounted balance of a down payment from the sale of estate property located at 132-140 Herkimer Street in Brooklyn. Based on these surcharges, Judge Ambrosio granted the Phillips estate a judgment against respondent for $403,148.86, plus interest, and found that respondent forfeited all right to compensation due to the breach of her fiduciary duty.

By order entered December 19, 2011, this Court granted the Committee's collateral estoppel petition to the extent of finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit, or misrepresentation [i.e., intentional conversion]), (5) (conduct prejudicial to the administration of justice) and (7) (conduct that adversely reflects on respondent's fitness as a lawyer) (22 NYCRR 1200.3 [a] [4], [5], [7]), DR 6-101 (a) (3) (neglect) (22 NYCRR 1200.30 [a] [3]) and DR 9-102 (a) (misappropriation of funds), (d) (failure to keep required account records) and (e) (requiring all special account withdrawals be only to named payees) (22 NYCRR 1200.46 [a], [d], [e]), and referred the matter to a Committee Hearing Panel (Panel) to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction.

At the hearing, respondent testified that her misconduct was the result of mistakes, and that there was no intent to defraud. Respondent acknowledged that she has not paid any of the $403,148.86 in surcharges imposed against her because, in her view, despite Justice Ambrosio's finding that she was not entitled to compensation, she is owed approximately $700,000 from Judge Phillip's estate based on quantum meruit. As evidence in aggravation, the Committee introduced a 2004 admonition respondent received for improperly notarizing a surrender agreement in a real estate matter, and claimed that respondent engaged in the practice of law while suspended and lacked remorse for her misconduct.

In its report dated May 7, 2012, the Panel recommended that respondent be disbarred. While there was insufficient evidence that respondent continued to practice law while suspended, the Panel found that "[t]he record . . . reflects, while acting as his court-appointed guardian, [respondent] misappropriated substantial amounts of money in a number of different instances under several different pretexts (or none at all) from the assets of a ward who was mentally incapacitated." The Panel also noted that respondent had not returned any of that money despite the judgment entered against her. Thus, the Panel concluded that

> "[u]nder the circumstances, the Panel has very little discretion in terms of its recommendation and on these facts has no wish for any. [Respondent's] wrongdoing arose in a court-ordered guardianship, rather than an attorney-client relationship, but it has not been suggested that the Disciplinary Rules are therefore inapplicable, and in its order of December 19, 2011, the Appellate Division applied them here. The order of the Appellate Division of December 19, 2011 in this matter determined that [respondent] violated DR 1-102 (A) (4) and DR 9-102 (A). 'This Court has consistently held that absent extremely unusual mitigating circumstances, an attorney's intentional conversion of client funds constitutes grave misconduct requiring disbarment.' Apart from the fact that [respondent] has already been suspended for over four years, there are no 'extremely unusual circumstances' here—in fact, quite the contrary, as for some of [respondent's] defalcations no excuse has even be attempted, and she has not returned the money she had no right to take. It is therefore the recommendation of the Panel that [respondent] be disbarred." (Citations omitted.)

The Committee now seeks an order, pursuant 22 NYCRR 603.4 (d) and 605.15 (e) confirming the report of the Panel and disbarring respondent. The Committee argues that respondent's disbarment is warranted by her intentional conversion of guardianship funds and that her misconduct is aggravated by her prior admonition, a lack of candor as to her denial that she practiced law while suspended, the vulnerability of her ward, and her failure to acknowledge her misconduct and a lack of remorse.

In response, respondent argues that the Panel's recommendation of disbarment should not be confirmed and that a lesser sanction should be considered, including, but not limited to, crediting her with the five years she has been suspended and reinstating her pending completion of CLE courses in the areas of ethics and fiduciary responsibilities. According to respondent, disbarment is not warranted because, among other things: (1) her misconduct was not intentional and was the result of inexperience in serving as a guardian; (2) the sanction sought by the Committee is disproportionate to other similar cases (but respondent fails to cite to any specific case); (3) over the five years that she has been suspended she has come to fully understand the consequences of her conduct; (4) as guardian of her ward's person she saw to his immediate needs, which included finding a safe and suitable place for him to live; and (5) as guardian of her ward's property she recovered substantial funds and property for the guardianship estate. Respondent also denies the Committee's allegation that she practiced law while suspended.

While we agree with the Panel that the Committee did not sufficiently establish whether respondent continued to hold herself out as an attorney and/or engaged in the practice of law while suspended, given the aggravating factors in this case and the absence of "exceptional mitigating circumstances," respondent's misconduct, which includes the intentional conversion of guardianship funds, requires her disbarment (*see Matter of Katz*, 109 AD3d 143 [1st Dept 2013]; *Matter of Kennedy*, 99 AD3d 75 [1st Dept 2012]; *Matter of Squitieri*, 88 AD3d 380 [1st Dept 2011]). In addition, respondent's grossly inadequate record keeping and cash withdrawals in violation of DR 9-102 (d) and (e) are serious misconduct which, under the circumstances, further support this sanction (*see Matter of Racer*, 56 AD3d 125 [1st Dept 2008]). Respondent's misconduct is further compounded by the fact that she has not repaid Judge Phillip's estate any of the $403,148.86 in surcharges and she holds fast to her claim to being entitled to $700,000 in legal fees based on quantum meruit, notwithstanding Justice Ambrosio's decision to the contrary.

Accordingly, the Committee's petition should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, and respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

GONZALEZ, P.J., ANDRIAS, SWEENY, RENWICK and RICHTER, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.